UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. COCHRANE, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:04cv1721 (PCD) |
| : | |
| LIEDTKA TRUCKING, INC.; PHILIP : | |
| LIEDTKA; WILLIAM BURNETT; : | |
| KENTECH MARINE, INC.; MARVIN : | |
| R. LAYTON; PARKSIDE KOSHER : | |
| MEATS; and STANLEY LAHRER, : | |
|     Defendants. : | |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Defendants Marvin R. Layton and Kentech Marine, Inc. move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on Count II of Plaintiff's Complaint. Plaintiff objects to Defendants' Motion for Summary Judgment, arguing that "genuine issues of material fact exist" which warrant submission of the claims against Defendants to a jury. For the reasons stated herein, Defendants' Motion for Summary Judgment [Doc. No. 55] is **denied**.

## I. BACKGROUND[1]

Plaintiff filed this suit on October 14, 2004, alleging that Defendant Layton, who was operating an 80,000 pound tractor trailer owned by Defendant Kentech, negligently failed to stop his vehicle for traffic that had slowed on the highway, causing Defendants' vehicle to strike the rear of another vehicle, which struck the rear of the Plaintiff's vehicle, resulting in injuries and damages.

---

[1]     The statement of facts that follows is derived from the Plaintiff's Complaint and the parties' Local Rule 56(a) statements.

1

Because this case is at the summary judgment stage, this Court views the record in the light most favorable to Plaintiff, the non-moving party. See Terry v. Ashcroft, 336 F.3d 128, 139 (2d Cir. 2003).

Both Plaintiff and Defendant Layton were operators of tractor trailers involved in a five vehicle motor vehicle accident which occurred in the center westbound lane of Interstate 495 in the Town of Roslyn, New York on February 3, 2003. (Compl. ¶¶ 2, 4, 9.) The order of the trucks involved in the subject motor vehicle accident was as follows. The first or forward-most truck ("Truck 1") was operated by Sam Mudie and owned by H.O. Wolding, Inc. The second truck ("Truck 2") was operated by the plaintiff, Richard A. Cochrane, and owned by CCI, Inc. The third truck ("Truck 3") was operated by William R. Burnett and owned by Liedtka Trucking, Inc. The fourth truck ("Truck 4") was operated by movant Marvin R. Layton and owned by movant Kentech Marine, Inc. The fifth truck ("Truck 5") was operated by Stanley Lahrer and owned by Parkside Kosher Meats. (See Defs.' Rule 56(a)(1) Statement ¶ 3.) The owners and operators of Trucks 3, 4, and 5 have all been named as defendants to this action. (Compl. ¶¶ 3-5.) This Motion for Summary Judgment applies only to Defendants Kentech and Layton, the owner and operator of Truck 4.

The facts surrounding the causation of the alleged collisions are in dispute. Defendants allege that Truck 4, operated by Layton, was stopped at the time of the accident and was pushed into Truck 3 when Truck 4 was struck from behind by Truck 5. (See Defs.' Rule 56(a)(1) Statement ¶¶ 7-8 (citing Layton Aff. ¶ 7-8), Exh. 3 to Defs.' Mot. Summ. J.) The affidavit of Marvin R. Layton states that Layton brought Truck 4 to "a complete stop several feet behind" Truck 3 and would not have hit Truck 3 had it not been for the force of the rear-end impact

delivered to Truck 4 by Truck 5. ¶¶ 5,7-8.  Defendants assert that because Truck 4 was stopped at the time of the accident and was pushed into the vehicle in front of it, Defendants Layton and Kentech cannot, as a matter of law, be held liable for any of the alleged injuries and damages claimed by Plaintiff. (See Defs.' Mem. Supp. Mot. Summ. J. 2.)  In addition to the affidavit of Marvin R. Layton, Defendants submit the Liedtka Trucking, Inc. Transportation Accident Report prepared by co-defendant Liedtka Trucking in support of their motion.

Plaintiff opposes Defendants' motion on the grounds that genuine issues of material fact exist regarding whether Defendant Layton stopped his vehicle behind Plaintiff's vehicle. Plaintiff alleges that he felt two impacts to his vehicle and that the damage to Truck 5 was too minimal for that vehicle to have struck Truck 3 with sufficient force to cause the entire accident. (See Pl.'s Rule 56(a)(2) Statement ¶¶ 5,7 (citing Cochrane Aff. ¶¶ 3,7).)  In addition to his own affidavit, Plaintiff submits photographs of the damage to the subject vehicles.

**II. STANDARD OF REVIEW**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 69, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).  A material fact is one which "might affect the outcome of the suit under the governing law" and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Importantly, however "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & H.R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

The moving party bears the burden of establishing that summary judgment is appropriate, Anderson, 477 U.S. at 225, however, when moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant can satisfy its burden of establishing that there is no genuine of material fact in dispute by pointing to an absence of evidence to support an essential element of the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial.  It need only point to an absence of proof on the plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex, 477 U.S. at 324); see also Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994) ("The moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case.")  The non-moving party, in order to defeat summary judgment, must then come forward with "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at  249.  In making this determination, the Court draws "all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light  most favorable to the party opposing the motion."  Rodriguez v. City of N.Y., 72 F.3d 1051, 1060 (2d Cir. 1995) (citations omitted).  However, a party opposing summary judgment

"may not rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e).

Determinations of the weight to accord evidence or assessments of the credibility of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury. Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996). "If reasonable minds could differ as to the import of the evidence ...and if...there is any evidence in the record from any source form which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal citations omitted). See also Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000) ("When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury.").

**III. DISCUSSION**

Defendants' Memorandum of Law in Support of the Motion for Summary Judgment asserts that Defendant Layton brought Truck 4 to a complete stop before it came into contact with any other vehicle involved in this accident, and that only after Layton's vehicle was struck from behind by Truck 5 did it come into contact with Truck 3. Defendants support this allegation with the Affidavit of Marvin R. Layton and the Liedtka Trucking, Inc. Transportation Accident Report which was prepared by the co-defendant, Liedtka Trucking, Inc. as a reply to Plaintiff's Interrogatories and Requests for Production. The Accident Report states that both Truck 3 and Truck 4 were stopped prior to the subject accident. (See Ex. 4 to Defs.' Mot. Summ. J. 6.) Consequently, the bulk of Defendants' Memorandum is devoted to the argument that, in a

multi-vehicle accident such as this, when one of the middle vehicles was brought to a complete stop before contact with any of the other involved vehicles, and none of the other participants in the accident can submit evidence that the operator of the stopped vehicle was negligent in any manner, summary judgment is appropriate. (See Defs.' Mem. Supp. Mot. Summ. J. 5.)

As Defendants' Memorandum explains, however, Connecticut courts have granted summary judgement "where it is *undisputed* that the middle vehicle was stopped at the time of the accident, and the plaintiff failed to submit any evidence that the driver of the middle vehicle operated his car negligently." Posner v. Jones, No. CV044000766, 2005 WL 20827952, at *2 (Conn. Super. Ct. Aug. 3, 2005) (emphasis added); see also Sadegi v. Tomaino, No. CV-03-0198259, 2004 WL 2547435, at *1 (Conn. Super. Ct. Oct. 22, 2004) ("Because it is *undisputed* that defendant Barton's vehicle was at a complete stop at the time of the accident, and because the plaintiff has failed to establish the existence of any genuine issue of material fact concerning defendant Barton's alleged negligence, the Motion for Summary Judgment is granted...") (emphasis added); Cirelli v. Snape, No. CV-02-0079158, 2004 WL 944751 (Conn. Super. Ct. Apr. 14, 2004) (granting summary judgment where plaintiffs admitted that defendant's vehicle was stopped); Johnbatiste v. Granskog, No. CV-01-0186063, 2002 WL 3146646406 (Conn. Super. Ct. Oct. 21, 2002) (same); Rivera v. Flynn, No. CV-95-0319280, 1996 WL 367703 (Conn. Super. Ct. June 7, 1996) (same); Siciliano v. Lenoue, No. CV-93-013078, 1994 WL 16599 (Conn. Super. Ct. Jan. 12 1994) (granting summary judgment where plaintiffs did not rebut the facts contained in defendant's affidavit which established that she was struck from behind while stopped in a line of traffic).

The cases cited by Defendants from other jurisdictions also primarily involve scenarios in

which it is undisputed that the defendant middle vehicle was stopped prior to the collision with the plaintiff's vehicle.  See Glascoe v. Kovich, 274 A.D.2d 337, 711 N.Y.S.2d 6 (N.Y. App. Div. 2000); Lally v. Prydulak, 25 A.D.2d 538, 267 N.Y.S.2d 533 (N.Y. App. Div. 1966); Graham v. Collier, 688 F. Supp. 146 (D. Dela. 1988).  Similarly, in Bendik v. Dybowsky, 227 A.D.2d 228, 642 N.Y.S.2d 284, (N.Y. App. Div. 1 Dept. 1996), plaintiff did not submit any admissible evidence to controvert defendants' testimony that their cars were at a full stop.

Where the issue of whether a middle vehicle came to a complete stop before being struck from behind is in dispute, a plaintiff rebutting a motion for summary judgment must present evidence, which is not overly speculative or conjectural, that the middle vehicle actually caused a collision.  Tolmazin v. Kautter, No. CV-91-0396863S, 1993 WL 456391, at *6 (Conn. Super. Ct. Oct. 29, 1993).  In Tolmazin, the court granted a motion for summary judgment where plaintiff submitted only a single excerpt from her deposition which indicated that she had no knowledge whether the defendant stopped his vehicle behind her but asserted that it was possible that the defendant had not stopped because she did not see his vehicle behind her when she looked in her rearview mirror prior to the collision.  This testimony, which was framed by phrases such as "I don't have any knowledge," "Probably," and "I don't know," was deemed by the court to have been "too speculative, too conjectural to be evidence" that the defendant caused the collision. Id. at *5-6.  Moreover, the Tolmazin plaintiff's testimony that she felt only one large impact was consistent with the defendant's affidavit and the formal admissions of his co-defendant, the driver of the vehicle that struck him from behind, which were offered in support of the defendant's claim that his vehicle was stopped at the time of the collision.

Unlike the plaintiffs in the majority of cases cited by Defendants, the plaintiff in this case

has disputed Defendants' assertion that Truck 4 came to a complete stop prior to being struck from behind by Truck 5. Furthermore, unlike the plaintiff in Tolmazin, Plaintiff testifies here that he felt multiple impacts and confidently supports his allegations that Truck 4 was not stopped with reasonable evidence. Plaintiff's hypothesis that the collision involving Truck 5 did not cause an impact to his vehicle is supported by Plaintiff's testimony that Truck 5 was not big enough to push the other vehicles into his truck and that the amount of damage to Truck 5 indicates that it could not have struck Truck 4 with enough force to cause the entire accident. (See Cochrane Dep. 61:21-25, 62:1, Ex. 2 to Defs.' Mot. Summ. J.; Cochrane Aff. ¶¶ 7-9.) Plaintiff has also submitted photographs of the damage to the subject vehicles for the court's consideration. Such evidence, along with testimony as to the design and weight of the subject vehicles, could afford a finder of fact a reasonable basis upon which to disbelieve Defendants' claims.

     The record also reveals an issue of fact as to the number of impacts endured by Plaintiff's vehicle. The evidence proffered by Defendant in the Liedtka Trucking, Inc. Transportation Accident Report, which asserts that the "chain-reaction collision resulted when the Parkside Kosher Meat Co. vehicle [, i.e., Truck 5,] rear-ended [the] stopped Kentech Marine Co. vehicle [, i.e., Truck 4,] which was pushed into the rear of the stopped Liedtka Trucking, Inc. vehicle [, i.e., Truck 3,] which was pushed into the rear of the CCI Inc. vehicle [, i.e., Truck 2,] pushing it into the rear of the H.O. Wolding vehicle [, i.e., Truck 1,]" (Defs.' Ex. 4), is at odds with Plaintiff's testimony that Plaintiff observed Truck 3 drive into the rear of Plaintiff's vehicle at a substantial rate of speed and remembers being hit twice from behind. (Cochrane Dep. 51:4-23, 52:13).

Plaintiff Cochrane has established a genuine issue of fact as to whether Defendant Layton came to a complete stop behind Plaintiff's vehicle and, consequently, whether the Defendants bear at least some responsibility for the injuries and damages sustained by Plaintiff as a result of the subject accident.  Drawing all factual inferences in favor of Plaintiff as the non-moving party, it is possible for a rational trier of fact to weigh the evidence and view it in Plaintiff's favor. Thus, Plaintiff's claims against Defendants must be submitted to the trier of fact.

**IV. CONCLUSION**

For the foregoing reasons, Defendants Layton and Kentech's Motion for Summary Judgment [Doc. No. 55] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, June  7 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court